## HENRY BROOKS & CO. *v.* H. E. FLETCHER & CO.

*Sale.    Fraud in Law.    Change of Possession.    Agent.*

II. while running a grocery store failed; the defendants bid off his goods, set him up in the same place, in the same business, as their agent, and usually approved and assumed payment of his orders for new goods; but, in the hurry attending this transaction, did not assume payment. By the terms of the contract, by which H was made agent, he could order such goods as he needed; but his orders were to be first submitted to, and approved by, some one of the defendants; and this was known to the plaintiffs' agent making the sale. The plaintiffs made their charge to the defendants, intended to sell to them, and H. intended to buy for them, and not for himself. The goods were shipped to H., not as agent, and were attached before coming to his possession by one of his creditors; and thereupon the defendants claimed to be the owners. *Held*, in an action for the price of the goods, that defendants were liable; and that the rule as to a change of possession did not apply.

ASSUMPSIT.   Heard on the report of a referee, December Term, 1882, Ross, J., presiding.   Judgment for the plaintiffs. The facts are sufficiently stated in the opinion and the head note, except the following from the report :

"The plaintiffs were hardware and cutlery merchants in Boston, and their travelling salesman was Thomas H. Baldwin. Baldwin knew the details of the arrangement between Fletcher & Co. and Haskell & Son, and how they were doing business, and the extent and limitations of their agency.   Plaintiffs were creditors of Haskell & Son at the time of their failure and

accepted twenty-five cents on the dollar of their debt. In September, 1878, Baldwin commenced to take orders from Haskell & Son for goods from the plaintiffs, and prior to June 24, 1879, had taken ten different orders for goods which were filled and forwarded by plaintiffs to Haskell & Son, agents. These orders were shown to, and approved by, Fletcher & Co. before they were sent to plaintiffs; and Fletcher & Co., paid for all the goods so sent.

On the the 24th of June, 1879, Baldwin went to the store of Haskell & Son, and they looked over the goods to see what was needed, and gave an order for goods which Baldwin forwarded to plaintiffs. Baldwin was in a hurry to take the train, and did not take the order to Fletcher & Co. to get the same approved by them. I did not find that Baldwin intended to give credit to Haskell & Son for this bill, or that Haskell & Son understood this bill was to be purchased on their personal credit; but Baldwin assumed it would be all right and would be paid by Fletcher & Co.

Baldwin forwarded the order to the plaintiffs, and plaintiffs sent the goods by railroad to St. Johnsbury, directed to Haskell & Son, and sent a bill of the same to Haskell & Son. The word "agent" was omitted in the bill of the goods and in the direction on the goods. The plaintiffs charged the bill to the account of "Haskell & Son, agents." I find that when Baldwin transmitted said order to the plaintiffs he omitted the word "agents" after the names of Haskell & Son. Very soon after the goods arrived at the depot in St. Johnsbury they were attached on a writ in favor of A. H. McLeod, who had a debt against Haskell & Son and had declined to accept the compromise they made with their creditors. On learning that the goods had been attached Fletcher & Co. claimed them, and Haskell & Son returned the bill to the plaintiffs to have the same corrected by having the word "agents" added, which was done, and the bill sent back corrected; and the plaintiffs also wrote to have Fletcher & Co. claim the goods and plaintiffs would stand the expense of any litigation there might be about them. * * *

40

Haskell & Son, agents, continued to carry on business under their arrangement with Fletcher & Co. until January, 1880, when they procured a man to pay up their debt to Fletcher & Co., and what money Fletcher & Co. had advanced to purchase goods, including the bill in dispute, and take the assets of the concern. * * * This suit is defended by said McLeod. * * * Haskell & Son, were to have the right to pay Fletcher & Co. their full debt and become the owners of the goods and the avails of the business."

*Harry Blodgett* and *Bates & May*, for the defendants, cited on the question that the transaction was a fraud on the creditors of Haskell & Son : *Webster* v. *Denison*, 25 Vt. 493 ; *Sawyer* v. *Joslyn*, 20 Vt. 172 ; *Kitchen* v. *Spear*, 30 Vt. 545 ; Benj. Sales. s. 847 ; that there was no ratification of the acts of the agent : Whar. Ag. ss. 65, 74.

*A. J. Willard* and *Willis & Willard*, for the plaintiffs.

The referee finds that the Haskells were agents of Fletcher for certain purposes ; that these purposes were known to the plaintiffs; that the plaintiffs had frequently sold goods to Fletcher through the Haskells by virtue of this arrangement; and that the sale in question was, in the opinion and belief of both plaintiffs and the Haskells, made to Fletcher. Under these circumstances, it became the duty of Fletcher, if he did not intend to abide by the contract which his agents had made, to disaffirm it immediately upon obtaining knowledge thereof. 1 Parsons Con. 51.

The opinion of the court was delivered by

TAFT, J. The question in this case is, whether upon the facts reported there was a sale of the goods by the plaintiffs to the defendants. By an arrangement of the parties, all orders for goods sent by plaintiffs to Haskell & Son, were to be approved by the defendants, before the latter became liable to pay for them. The order for the goods sought to be recovered for in this case, was not approved by them ; but the goods were charged by the

plaintiffs to the defendants, and after they were attached, the defendants claimed them, and gave the officer a receipt for them, claiming to own them, and subsequently received pay for them. We see no reason why they should not be held liable. Before the attachment the goods had never been in the possession of Haskell & Son, so the question of whether a change of possession was necessary to protect them from attachment as the property of Haskell & Son does not arise.

Judgment affirmed.